FERGUSON & MILLER v. GILBERT & CO.

1. A void judgment (as where the absent debtor, whose property was attached, was never served personally or by publication) may be vacated by a junior attaching creditor; and a motion to vacate is a proper mode of proceeding in such case.

2. Notice of motion to vacate a judgment was served upon the attorney of record and not upon the judgment creditor, and the motion was resisted on its merits in the Circuit Court by such attorney. *Held*, that it was too late to raise the objection in this court that service on the attorney was insufficient.

Before KERSHAW, J., Greenville, April, 1881.

This was a motion made by P. W. Dalton & Co., judgment creditors of H. D. Gilbert & Co., to vacate a judgment of *Ferguson & Miller* v. *H. D. Gilbert & Co.* The notice of the motion was served upon the attorneys of record for the plaintiffs in the judgment sought to be vacated. The motion was based upon an affidavit in words following :

Personally appears before me Julius H. Heyward, who upon being duly sworn says, that he is the Attorney for P. W. Dalton & Co.; that on the 24th day of January, 1881, the

said P. W. Dalton & Co. obtained in the Trial Justice Court. a judgment against H. D. Gilbert and J. W. Walker, partners. doing business under the firm name of H. D. Gilbert & Co., for the sum of sixty-eight 07-100 dollars, with interest from the 13th day of September, 1880, and costs; that on the 15th day of February, 1881, a transcript of said judgment was filed in the office of the clerk of the Court of Common Pleas for Greenville County, and duly docketed therein; that on the same day execution was issued and lodged in the office of P. D. Gilreath, sheriff of said county, with instructions to levy forthwith and satisfy the same out of the property of the de- fendants; that at the time of issuing the summons in said action an attachment was issued and levied by the said sheriff upon certain goods, the property of the defendants, then in the hands of the sheriff ; that subsequent to said levy the said sheriff proceeded to sell said goods, and now refuses to apply the proceeds thereof to the satisfaction of said judgment, for the alleged reason that the same are claimed by Messrs. Fergu- son & Miller, the plaintiffs in a certain action entitled *Fergu- son & Miller* v. *H. D. Gilbert & Co.;* that the summons and complaint in said action of *Ferguson & Miller* v. *H. D. Gil- bert & Co.* have never been served upon either of said defend- ants as required by law.

The ground upon which the plaintiffs, Ferguson & Miller, obtained their warrant of attachment is thus stated in their affidavit: " That the said defendants cannot after due diligence be found within this state; that this deponent believes that the defendants have departed from this state, with intent to defraud their creditors, the grounds of his belief being that they have sold most all of their goods and have gone to North Carolina to remain, as this deponent is informed and believes, and not return to this state."

The presiding judge simply " ordered that the motion be dismissed, with five dollars costs against P. W. Dalton & Co." Dalton & Co. appealed upon the following exceptions:

1. Because it is respectfully submitted that his Honor erred in declining to consider the questions of law presented on said. motion.

2. Because it is respectfully submitted that his Honor erred in refusing to allow a junior attaching creditor to attack, on motion, an illegal and void attachment claiming priority.

3. Because it is respectfully submitted that his Honor erred in declining to declare void the lien of the supposed attachment of Ferguson & Miller.

4. Because it is respectfully submitted that his Honor erred in declining to declare void the supposed judgment of Ferguson & Miller.

Other facts are stated in the opinion.

Mr. *Julius H. Heyward*, for appellants.

Proceeding by motion is the proper mode, and according to the established practice in this state. 1 *McC.* 116; 3 *Id.* 345; *Harp.* 219; 1 *Strob.* 239; 4 *Id.* 290; 1 *Rich.* 438; 4 *Id.* 561; 4 *Abb. Prac.* 393. The judgment here assailed is void for want of legal service. *Code,* § 250; 1 *Wait. Prac.* 539, 501, 502; 26 *Wisc.* 558; 16 *Md.* 171; 60 *Ill.* 328; 29 *Mich.* 526. Service by copy left under the amendment to Section 157 of the code (15 *Stat.* 869) is not sufficient in proceedings by attachment under Section 250. Besides, the defendants were not *temporarily* absent. Defendants being absent, jurisdiction of their persons cannot be taken, but only of the property attached. 1 *Bail.* 245; 4 *Rich.* 561; 33 *N. H.* 228; 60 *Barb.* 107; 11 *How.* (U. S.) 437. See too Rule 38 of the Circuit courts.

Mr. *M. F. Ansel*, contra.

March 22, 1882. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This is a contest between two attaching creditors over a fund in the hands of the sheriff of Greenville county, arising from the sale of certain property of an absent debtor. The respondent's attachment was issued on October 11, 1880, and levied upon the goods of the absent debtor. The summons was served on the same day by leaving

a copy with the wife of one of the defendants. There was no publication. The appellant's attachment was issued by a trial justice on November 19, 1880, and levied upon the same goods, the summons being regularly served by publication.*

Both respondents and appellants obtained judgments; the former in the Court of Common Pleas for $353.91, on November 19, 1880, and the latter in the Trial Justice Court for $69.67, a transcript of which latter was filed in the clerk's office on February 15, 1881. At the April Term of the court, 1881, appellants moved the court to vacate and set aside the judg-

---

* This is the statement of the brief. It does not appear, however, by whom the order for publication was granted. There is no power in courts to reach by its process non-resident defendants, except through property within its jurisdiction, and only so far as that property is affected. There is also no power by which a court can make an absent defendant a party to a cause by a publication of summons, unless expressly authorized by statute to do so. *Bailey* v. *Whaley,* 14 *Rich. Eq.* 81; *Galpin* v. *Page,* 18 *Wall.* 367; *Pennoyer* v. *Neff,* 5 *Otto,* 714. To authorize publication of a summons by order of a trial justice the statute power must be shown. There is no such statute. Section 156 [158] of the code relates only to cases in courts of record. See Section 148 [150]. The term court, therefore, in that section does not include trial-justices' courts. This further appears from the use of the words trial justice in this same section, in connection with service upon persons confined in prisons, &c., within the state. On turning, however, to Sections 248, 249 [250, 251] of the code, we find jurisdiction given to trial justices in attachment where the defendant is a non-resident. In New York under its revised statutes the right of the justice in attachment to proceed against the property is perfect upon an ineffectual effort to serve the summons. 1 *Wait's Law and Prac.* 76. So it is in this state in a matter of claim and delivery of personal property. *Code,* § 77 [80]. The trial justice derives no express authority from Sections 248, 249 [250, 251] of our code to grant an order of publication, and the power cannot be taken by implication—certainly not unless the implication be necessary. Nor can he derive any such authority from Section 88 [91], Subd. 15, of the code. It would seem to follow that the order for publication required in the chapter on attachments cannot be granted by a trial justice, but must be granted by one of the officers designated in Section 156 [158]. If it be objected that it could not have been the intention of the legislature to authorize an order of publication to be granted by an officer not connected with the court in which the proceeding is pending, the reply is that this same section does that very thing in the power granted to a Probate judge to order publication in actions for partition and foreclosure where there are unknown defendants. See, too, Section 136 [138], and *Trapier* v. *Waldo,* 16 *S. C.* 276.—REPORTER.

ment and attachments of the respondents, upon the ground that they were void for want of legal service of the summons. The judge dismissed the motion on the ground, as is stated in the brief, that a rule upon the sheriff was the proper remedy, and not motion. The only question on the appeal is whether the appellants could be heard on motion.

If it had been the purpose of the appellants to assail the proceedings of the respondents on account of irregularity merely, they could not have been heard under any form of procedure, because it has often been decided in this state that no one but the absent debtor himself could complain of errors consisting in irregularities simply. *Foster* v. *Jones*, 1 *McC.* 116; *Chambers & Sadler* v. *McKee*, 1 *Hill*, 229; *Camberford* v. *Hall*, 3 *McC.* 345; *Kincaid* v. *Neall*, 3 *McC.* 201.

But there is a wide distinction between irregular and void process, between voidable and such as are absolutely void. This distinction has been frequently recognized in our courts, and while it has been often held, as stated above, in attachment proceedings, that no one but the debtor himself can take advantage of the first, yet in cases vulnerable for the latter cause, junior attaching or judgment creditors may assail such judgments in a prompt and summary manner, and the practice to have them vacated has been by motion. Thus in *Lindau* v. *Arnold*, 4 *Strob.* 290, where a domestic attachment was issued against an absent debtor by a magistrate, a creditor who had proceeded by foreign attachment on motion vacated the domestic attachment on the ground that the domestic attachment could not issue against a debtor absent from the state, and therefore that the attachment in that case was void. Judge O'Neall said : " If it had been merely irregular, then indeed third persons, garnishees or creditors, could not take advantage of the irregularity. But the domestic attachment being void, it follows that the levy under it is as nothing, and the levy of the foreign attachment must prevail."

In *Byne* v. *Byne*, 1 *Rich.* 438, junior attaching creditors were permitted on motion predicated on a rule to set aside a junior writ. See also *Gardner* v. *Hust*, 2 *Rich.* 601; *Weyman* v. *Murdock*, *Harp.* 125; and *Walker & Bradford* v.

*Roberts*, 4 *Rich.* 563. In the latter case the authorities in our state and elsewhere are collected and discussed.

We think the failure of the respondents to have their summons served by publication, if true, was something more than a mere irregularity. Without service of summons as required by the law, when not dispensed with by acceptance, appearance, or in some other way, the court has no jurisdiction of the party, and the judgment in such case is a nullity; and where the want of jurisdiction appears the judgment may be treated as a nullity wherever it is met with.

It does not appear that the presiding judge made any ruling upon the merits of the question involved below. He dismissed the motion on the ground that motion was not the proper proceeding, but that plaintiff should have commenced by rule on the sheriff. It may be that a rule would not have been objectionable, yet the practice in the cases referred to above seems to have been by motion; and upon the authority of these cases we think the judge was in error in declining to hear appellants' application.

The respondents in the argument before the court raised the question that they had not been made parties below to appellant's motion; that the service of notice of the motion had been made upon their attorneys instead of themselves; and on the authority of *Duncan, Maloney & Co.* v. *Brown*, 15 *S. C.* 414, they claimed that they were not before the court. If this ground had been taken below and overruled, we might consider it. But there is nothing in the brief which entitles the respondents to raise this question here. So far as it appears in the "Case" as agreed upon, the respondents were regularly in court. They appeared by counsel and resisted the motion. In the judge's order it is stated, "after argument of counsel for plaintiffs and P. W. Dalton & Co. to set aside the judgment and attachment in this case, it is ordered" . . . It is too late now for respondents to raise this question, even if they had better ground to warrant it than the facts as appear from the affidavit of Mr. Heyward would imply.

We decide nothing as to the validity of appellant's judgment. The question whether he is a creditor is not before us. All

that we decide is that the questions which he attempted to have adjudicated may be brought before the Circuit Court on motion.

It is the judgment of this court that the order of the Circuit Court be reversed, and that the case be remanded for such further proceedings as may be deemed advisable.